ROBBINS et al. v. CARTER.

No. 28982.   Dec. 5, 1939.

Rehearing Denied Jan. 30, 1940.

Application for Leave to File Second Petition for Rehearing Denied March 19, 1940.

*102 P. 2d 593.*

J. J. Henderson, of Tulsa, for plaintiffs in error.

Harlan S. Trower and Burdette C. Smith, both of Tulsa, for defendant in error.

DANNER, J.   The plaintiff was driving a car along a street in Tulsa. The tire on the left rear wheel became punctured and flat. He pulled as far to the right as he could, and stopped the car for the purpose of changing the tire. No parking spaces were available near the curb, due to the fact that all of them were occupied by cars. Plaintiff placed the car immediately alongside one of said parked cars, in the position which is known as double parking. While he was thus engaged in changing the tire, Edna Robbins approached from plaintiff's rear, driving in the same direction in which he had been proceeding, and operating a car belonging to her husband, William A. Robbins. In changing the tire, plaintiff was in a stooping position. She testified that she did not see him. She struck the plaintiff, inflicting personal injuries, and then proceeded on for about 125 feet, when she was told she had struck a man, and returned to the scene of the accident.

The plaintiff sued Edna Robbins and William A. Robbins to recover for his injuries. He obtained a verdict and judgment against both of them, and they appeal.

During the trial, the judge held that as a matter of law the plaintiff's allegation of the driver's status as agent or servant of the owner should be taken as true. This ruling was based upon section 220, O. S. 1931, 12 Okla. St. Ann. § 286, which reads:

"In all actions, allegations of the execution of written instruments and endorsements thereon (,) of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." (Parenthesis ours.)

The defendants had filed a joint answer, in which they had specifically denied that the defendant driver was the agent of the defendant owner, but the verification thereto was signed only by the defendant driver. The trial judge was of the opinion that this was not sufficient and that it should also have been signed by the defendant owner, the alleged master.

However, the court feels that the verification in this case was sufficient to meet the requirement of the statute. The statute provides that allegations of any appointment of authority shall be taken as true unless the denial of said allegations be verified by the affidavit of "the party, his agent or attorney." While it must be conceded that a plausible argument exists, that "the party" should be construed to mean "the party to be charged" by reason of said allegation, so as to require the denial of agency to be verified by the master himself, the court is not constrained to adopt that construction where the jointly sued parties file a joint answer and it is verified by either of them. The court is of the opinion that in such case a verified denial of the agency, by either of the parties sued, is sufficient.

It follows that the judgment against the owner of the car, who was the alleged master, should be reversed for lack of evidence as to the alleged master and servant relationship. But there is no good reason why said error should cause a reversal as against the defendant driver, Edna Robbins, who could not have been affected by the error, and whose liability to plaintiff would be the same, regardless of whether she was a servant or the owner of the car. The judgment as against the defendant Edna Robbins is affirmed, but as against the defendant William A. Robbins said judgment is reversed and the cause is remanded for new trial as to that defendant.

RILEY, OSBORN, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., WELCH, V. C. J., and DAVISON, J., absent.